UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KAREN SONGY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-5700** |
| **LELAND DUDEK,**<br>**ACTING COMMISSIONER OF SOCIAL**<br>**SECURITY** | **SECTION: "G"(5)** |

## ORDER

Before the Court is Plaintiff Karen Songy's ("Plaintiff") Motion for Attorney's Fees.[1] Plaintiff seeks an award for 50.5 total hours at $252.52 per hour, for a total award of $12,752.26.[2] Plaintiff also seeks costs in the amount of $400.00.[3] The Commissioner does not object to the amount of hours requested, but objects to the hourly rate.[4] The Commissioner submits that the hourly rate for 2023 should be $233.94 and the hourly rate for 2024 should be $240.71, for a total award of $12,064.46.[5]

Under the EAJA, the Court shall award to a prevailing party fees and other expenses incurred by that party in any civil action, including proceedings for judicial review of agency action, brought by or against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[6] Here, Plaintiff is a prevailing party entitled to attorney's fees under the EAJA. Moreover, the

---

[1] Rec. Doc. 28.

[2] Rec. Doc. 28-2 at 3.

[3] *Id.*

[4] Rec. Doc. 29.

[5] *Id.*

[6] 28 U.S.C. § 2412(d)(1)(A).

1

Commissioner does not argue that his position was substantially justified or that special circumstances make an award of attorney's fees unjust. Instead, the Commissioner only disputes the hourly rate requested by Plaintiff.

Under the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited ability of qualified attorneys for the proceedings involved, justifies a higher fee."[7] The district court has discretion to increase this hourly rate beyond the statutory cap in order to arrive at a reasonable rate for attorney's fees in a particular market.[8]

The Fifth Circuit has held "that cost-of-living adjustments under the EAJA must be made to reflect the appropriate rate in the year in which the services were rendered."[9] Because the EAJA was amended in March 1996 to increase the statutory ceiling from $75 to $125 per hour, the appropriate time period for which to calculate any cost-of-living increase in the instant case is from March 1996 through July 2024, which is the midpoint of this litigation.[10] Both parties refer the Court to the Consumer Price Index prepared by the Bureau of Labor and Statistics.[11] Therefore, the Court takes judicial notice of the information in the Consumer Price Index.[12]

Plaintiff argues that the Court should award attorney's fees consistent with the Consumer Price Index for All Urban Consumers ("CPI-U"). The Commissioner asserts that the Court should

---

[7] 28 U.S.C. § 2412(d)(2)(A)(ii).

[8] *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006) (per curiam) ("The Equal Access to Justice Act vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors. . . . These factors are market based.").

[9] *Perales v. Casillas*, 950 F.2d 1066, 1076 (5th Cir. 1992).

[10] *Id.*

[11] *See* United States Department of Labor, Bureau of Labor Statistics, https://www.bls.gov/data/.

[12] Fed. R. Evid. 201.

award attorney's fees consistent with the Consumer Price Index for the South Urban B area ("CPI-B").

According to the Bureau of Labor Statistics report the average CPI-U in the month of March 1996 was 155.7.[13] The average CPI-U for July 2024 was 314.54,[14] an increase of 102.01 percent since March 1996. A 102.01 percent increase in the EAJA's statutory rate of $125 yields an adjusted hourly rate of $252.51.[15] According to the Bureau of Labor Statistics report the average CPI-B in the month of March 1996 was 155.[16] The average CPI-B for July 2024 was 305.819,[17] an increase of 97.03 percent since March 1996. A 97.03 percent increase in the EAJA's statutory rate of $125 yields an adjusted hourly rate of $246.29.[18]

In *Baker v. Bowen*, the Fifth Circuit expressly rejected the argument that increases in the EAJA must precisely track any increase in the cost of living.[19] The court noted that "while the statute clearly allows an adjustment for changes in the cost of living, it does not absolutely require it."[20] Rather, the Fifth Circuit characterized the EAJA rate adjusted for cost of living as the *maximum* allowed by the statute.[21] Considering this authority and the fact that the work was

---

[13] U.S. Bureau of Labor Statistics, Consumer Price Index News Release (Mar. 1996), https://www.bls.gov/news.release/history/cpi_041296.txt

[14] U.S. Bureau of Labor Statistics, Consumer Price Index News Release (Jul. 2024), https://www.bls.gov/news.release/archives/cpi_08142024.htm

[15] 125 x 1.0201 = 127.51; 125 + 127.51 = 252.51.

[16] U.S. Bureau of Labor Statistics, Consumer Price Index News Release (Mar. 1996), https://www.bls.gov/news.release/history/cpi_041296.txt

[17] U.S. Bureau of Labor Statistics, Consumer Price Index News Release South Region (Jul. 2024), https://www.bls.gov/regions/southeast/news-release/2024/consumerpriceindex_south_20240814.htm

[18] 125 x .9703 = 121.29; 125 + 121.29 = 246.29.

[19] 839 F.2d 1075 (5th Cir. 1988).

[20] *Id.* at 1084 (emphasis in original).

[21] *Id.*

performed in 2023 and 2024, the Court finds it appropriate to awarded attorneys' fees at a rate of $240.00 per hour.

In *Astrue v. Ratlif*, the Supreme Court held that "a § 2412(d) [EAJA] fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States."[22] Following this binding precedent, the Court will award attorneys' fees to Plaintiff, rather than her attorney. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees[23] is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff Karen Songy is awarded attorneys' fees in the amount of $12,120.00, representing 50.50 hours of time at a rate of $240.00 per hour, plus costs in the amount of $400.00.

**NEW ORLEANS, LOUISIANA,** this __8th__ day of July, 2025.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[22] 560 U.S. 586, 589 (2010).

[23] Rec. Doc. 28.